IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KANOLLIE JOHNSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 9:25-cv-00159 |
| THE HOME DEPOT, INC., | § § § | |
| Defendant. | § § | |

### JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Civil Action For Rule 16 Management Conference (doc. 5), Plaintiff Kanollie Johnson ("Plaintiff") and Defendant Home Depot USA, Inc. (incorrectly named as "The Home Depot, Inc.") ("Defendant"), by and through their undersigned counsel, submit the following Joint Rule 26(f) Report:

Counsel for the Parties conferred by telephone/video conference on June 16, 2025. Emanuel Kataev, counsel for Plaintiff, and Shaina E. Hicks, co-counsel for Defendant, participated in the conference.

1. **A brief factual and legal synopsis of the case.**

Plaintiff: Plaintiff was one of only four African American employees of Defendant, and reported incidents of theft at Defendant in the course of her tenure. Following Plaintiff's reports, Johnathan Arillo ("Arillo"), an Assistant Manager who had supervisory authority over Plaintiff, began a campaign of discriminatory and hostile conduct towards the Plaintiff, including referring to Plaintiff with racial slurs such as a "smart nigger." Arillo changed Plaintiff's schedule forcing her to work less hours. Arillo and others who engaged in the aforementioned campaign against Plaintiff did so due to discriminatory animus based on Plaintiff's race.

<u>Defendant</u>: Defendant denies Plaintiff's substantive factual and material allegations in the Petition and expressly denies that it discriminated against Plaintiff based on her race, retaliated against her, or subjected her to a hostile work environment in violation of the Texas Labor Code or any other law. Defendant incorporates its Answer and Defenses.

**2.      The jurisdictional basis for this suit.**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeding $75,000. Defendant timely removed the matter to this Court on May 28, 2025 (doc. 1).

**3.      Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.**

Defendant served its Initial Disclosures on June 27, 2025. Plaintiff requested, and Defendant agreed, to extend Plaintiff's Initial Disclosure deadline to July 11, 2025.

**4.      Proposed Scheduling Order deadlines.**

| | |
|---|---|
| July 23, 2025 | Deadline for motions to transfer. |
| August 27, 2025 | Deadline to add parties without leave of court. |
| April 27, 2026 | If parties plan to mediate, state date parties propose. |
| October 8, 2026 | Deadline for plaintiff to file amended pleadings. A motion for leave to amend is not necessary. |
| October 22, 2025 | Deadline for defendant to file amended pleadings. A motion for leave to amend is not necessary. |
| December 17, 2025 | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| January 28, 2025 | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 7 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit |

| | |
|---|---|
| | expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all information necessary to make a ruling on any objection. The Court will not accept objections to experts filed in any form—i.e., Motions in Limine—after this date.<br><br>Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |
| April 20, 2026 | Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions. |
| April 27, 2026 | All discovery shall be commenced in time to be completed by this date. |
| June 11, 2026 | Notice of intent to offer certified records. |
| June 18, 2026 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form. |
| July 16, 2026 | For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and request line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court. The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.). |
| July 30, 2026 | File unresolved objections to oral and video deposition extracts. |
| July 23, 2026 | Motions in Limine due.<br><br>Deadline to file Joint Final Pretrial Order. |

| | |
|---|---|
| July 30, 2026 | Response to Motions in Limine due.<br><br>File Proposed Jury Instructions/Verdict Form |
| Date will be set by Court. Usually within 10 days prior to Final Pretrial. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| August 13, 2026 | 9:00 a.m. - Final Pretrial Conference in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of Exhibit List, using form from District Clerk's Office.<br>Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| August 17, 2026 | 9:00 a.m. – Jury Selection and Trial at the Ward R. Burke Federal Courthouse, 104 N. Third Street, Lufkin, Texas. |

**5.    If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.**

The Parties agree that mediation is appropriate and will aim to do so after preliminary discovery, including Defendant's taking of Plaintiff's deposition. However, mediation will occur no later than April 27, 2026. The Parties will mediate with John Brookman (604 E. 4th St., Suite 201, Fort Worth, TX 76102; (817) 725-7070 (telephone)) or Courtenay Bass (12801 N. Central Expy, Suite 1400, Dallas, TX 75243; (214) 303-4500 (telephone)). The Parties will file a Joint Notice of Mediator upon reaching an agreement as to the selected mediator.

**6.     What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories?**

At this time, the Parties do not propose any limitations on discovery. Should either party believe limitations are necessary, the Parties agree to confer with one another in good faith regarding the issue.

**7.     The identity of persons expected to be deposed.**

Plaintiff: Corporate Representative of Defendant pursuant to Rule 30(b)(6), Kacie Lovejoy (hereinafter "Lovejoy"), Johnathan Arillo (hereinafter "Arillo"), and an individual known only to Plaintiff as Brian.

Defendant: Defendant intends to take Plaintiff's deposition, which will be the first deposition to occur in the case.

To the extent the need for additional depositions is revealed during discovery, the Parties will work together on the timing and sequence of same.

**8.     Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties do not expect any issues or disputes concerning disclosure or discovery of ESI and plan to produce such documents and/or information by PDF, with the exception of Excel spreadsheets, which will be produced in native format (if requested and production would not be unduly burdensome). The Parties anticipate exchanging discovery through email and/or a secure file transfer protocol site.  The Parties do not expect that production will involve metadata. The Parties reserve the right to raise such issues with the Court if attempts to cooperatively resolve them first are unsuccessful.

9. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.**

The Parties have no present disputes regarding claims of privilege of preservation of discoverable information. If any issues arise regarding the inadvertent production of privileged documents or materials, the Parties agree that any privilege claims will not be waived by production, and the party inadvertently producing the documents or materials can request their return within a reasonable amount of time after the inadvertent production is discovered. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The Parties agree that if a protective order is necessary, the Parties will confer about same prior to seeking intervention from the Court.

10. **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b) or (c).**

Following exchange of discovery requests, the Parties may jointly move the Court to enter the Form Protective Order published on the Court's website. Otherwise, none.

11. **The expected length of trial and whether it will be to a jury or the bench.**

The Parties estimate three (3) days of trial. Plaintiff timely demanded a jury trial.

12. **The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

   For Plaintiff:  Emanuel Kataev, Esq.

   For Defendant: Shaina E. Hicks.

13. **Any other matters that counsel deem appropriate for inclusion in the Joint Conference.**

   None.

   Respectfully submitted,

| | |
|---|---|
| By: /s/ Emanuel Katev<br>Emanuel Kataev<br>emanuel@sagelegal.nyc<br>**CONSUMER ATTORNEYS PLLC**<br>6829 Main Street<br>Flushing, NY 11367-1305<br>Telephone:  (718) 412-2421<br>Fax:   (718) 489-4155<br><br>Sharon K. Campbell<br>Texas Bar No. 03717600<br>sharon@sharonkcampbell.com<br>**LAW OFFICE OF SHARON K. CAMPBELL**<br>3300 Oak Lawn Ave Ste 425<br>Dallas, TX 75219<br>Telephone: (214) 351-3260<br>Fax: (214) 748-7778<br><br>**ATTORNEYS FOR PLAINTIFF KANOLLIE JOHNSON** | By: /s/ Shaina E. Hicks<br>Kristin S. Higgins<br>Texas Bar No. 24046880<br>kristin.higgins@ogletree.com<br>Shaina E. Hicks<br>Texas Bar No. 24139802<br>shaina.hicks@ogletree.com<br>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>8117 Preston Road, Suite 500<br>Dallas, Texas 75225<br>Telephone: (214) 987-3800<br>Fax: (214) 987-3927<br><br>**ATTORNEYS FOR DEFENDANT HOME DEPOT USA, INC.** |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all counsel of record.

                                                     */s/ Shaina E. Hicks*
                                                    Shaina E. Hicks